UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NON PROFIT INSURANCE PROGRAM,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and INTERNAL REVENUE SERVICE,<br><br>Defendants. | No.  2:15-CV-00046-SMJ<br><br>**ORDER GRANTING DEFENDANT MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

The Court held a pretrial hearing on April 21, 2016 on Defendant's Motion for Summary Judgment, **ECF No. 19**. For the reasons stated below, the Court **GRANTS** the motion.

## II. BACKGROUND

### A. Factual History[1]

Plaintiff, Non Profit Insurance Program (NPIP), is a self-insurance risk pool consisting of Washington State nonprofit entities. The risk pool funds are determined by annual assessments of claims, program expenses and excess/cost insurance. The Internal Revenue Service (IRS) assessed taxes and penalties for tax year 2012 on NPIP's income. Plaintiff filed its 2012 tax return, paid the taxes,

---

[1] In ruling on the motion for summary judgment, the Court has considered the facts and all reasonable inferences therefrom as contained in the submitted affidavits, declarations, exhibits, and depositions, in the light most favorable to the party opposing the motion. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

ORDER **-** 1

and penalties and timely filed its claim for refund. NPIP alleges that it should receive a refund because it is not subject to federal taxation. It marshals two basis for its conclusion. First, NPIP claims that it is an "integral part" of state government, and thus has implied immunity from federal taxation. Second, NPIP argues that it is exempt from taxation under 26 U.S.C. § 115(1), which excludes from the definition of taxable "gross income" any income derived from the exercise of an essential government function and that accrues to a state or local government. NPIP seeks a refund of federal income tax, penalties, and interest paid for the 2012 tax year.

**B.     Procedural History**

Plaintiffs filed the Complaint on February 13, 2015 in the United States Court for the Eastern District of Washington. Defendant was served a copy of the Summons and Complaint on February 19, 2015. Defendant timely filed an Answer on June 23, 2015.

On February 22, 2016, Defendant filed a Motion for Summary Judgment, asking the Court to indicated as a matter of law that NPIP's income is not exempt from federal taxation, either under implied state government immunity or under 26 U.S.C. § 115. Further, Defendant seeks and order finding that it properly made tax assessments against NPIP for the 2012 tax year.

### III. MOTION FOR SUMMARY JUDGMENT

#### A. Legal Standard

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. Id. at 322. "When the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. ... [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal citation omitted) (emphasis in original). When considering a motion for summary judgment, the Court does not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 255 (1986). When considering the summary judgment motion, the Court 1) took as true all undisputed facts; 2) viewed all

evidence and drew all justifiable inferences therefrom in non-moving party's favor; 3) did not weigh the evidence or assess credibility; and 4) did not accept assertions made that were flatly contradicted by the record. *See Scott v. Harris*, 550 U.S. 372, 380 (2007); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### B. Implied State Immunity

The relevant inquiry to determine if an entity has implied state immunity from federal taxation focuses on whether, under federal law, that entity is an integral part of the state. *See Florida Residential Prop. & Cas. Joint Underwriting Assoc. v. United States*, 207 F. Supp. 2d 1344, 1349 (N.D. Fla. 2002) (citing Rev. Rul. 87-2, 1987-1 C.B. 18). In analyzing whether an entity qualifies as an integral part of state government, court decisions and IRS revenue rulings have examined the totality of the circumstances. Non-exclusive factors in this inquiry include whether the entity acts on behalf of a state or local government, the extent to which private interests are involved with the entity, and, in particular, the degree of the state's control over and financial commitment to the entity. *See Florida Residential Prop., 207 F. Supp.* 2d at 1350-51; *Uniband, Inc. v. Commissioner of Internal Revenue*, 140 T.C. 230, 248-49.

The State of Washington does not have "control" of NPIP for purposes of the relevant analysis. The undisputed facts make clear that NPIP is independent

of the state with respect to its formation, governance, and operations. NPIP has cited no fact that indicates otherwise. The undisputed facts indicate that the state's role with respect to Plaintiff is limited to regulatory oversight pertaining to solvency standards. Moreover, the state has no financial interest in NPIP. While there may be occasions when Plaintiff's third-party administrator is in daily contact with the State Risk Manager, those occasions involve responding to audit findings. Also, occasional daily contact with the state's regulator does not mean that the state "controls" NPIP.

### C.   Essential Government Function

In order to claim an exemption under 26 U.S.C. § 115(1), the entity must show that its income is exempt because it (1) derives from the exercise of an essential government function and (2) accrues to a state or local government. *See* 26 U.S.C. § 115(1). NPIP's arguments fail on both counts.

First, NPIP contends that its members are the equivalent of local governments and that it performs the same purported essential government function that local governments' insurance pools perform. This contention is misplaced. The fact that the State of Washington may treat nonprofits the same as it treats local governments for the purpose of regulating their insurance pools does not mean that, for purposes of immunity from federal taxation, nonprofit entities provide the same government functions as local government entities. Moreover,

NPIP cites no persuasive authority for this position. NPIP cites Revenue Ruling 90-74, 1990-2 C.B. 34. Counsel for Defendant correctly indicates that the ruling is supportive of IRS's and not NPIP's position. In that ruling, the IRS determined that an insurance pool consisting of a state's political subdivisions was exempt from tax under § 115(1). The IRS emphasized that the pool was managed by the state treasurer and benefited only the state and its political subdivisions, not private interests. Also, the pool's income accrued to its members—local governments—not to private interests. In contrast, in this case, a third-party administrator, not a state official, manages the pool, the pool benefits only private entities, and the pool's income does not accrue to a state or local government.

NPIP also fails the second requirement of 26 U.S.C. § 115(1). As indicated earlier, NPIP's income does not accrue to state and local governments. Upon dissolution, any remaining assets would go to an organization that the IRS recognizes as exempt from tax under 26 U.S.C. §501(c)(3). The assets would not go to the state or to a local government. As such, the second requirement of the exemption is not met. *See Miller v. United States*, 527 F.2d 231, 233 (8th Cir. 1975).

### III.   PENALTY

The IRS assessed a penalty for failure to prepay estimated tax, pursuant to 26 U.S.C. § 6654(a), for the 2012 tax year. NPIP argues that it had reasonable

cause for failing to prepay the estimated tax. This argument is not persuasive nor supported by any controlling authority. As such, the assessed penalty is not only proper, but mandatory.

## IV. CONCLUSION

NPIP's income is not exempt from federal taxation, either under implied state government immunity or under 26 U.S.C. § 115. The IRS properly made tax and penalty assessments against NPIP for the 2012 tax year.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment, **ECF No. 19, is GRANTED.**

2. All pending motions are DENIED AS MOOT.

3. All pending deadlines and hearings are STRICKEN.

4. The Clerk's Office shall CLOSE this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 28th day of April 2016.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER **-** 7